```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
 UNITED STATES OF AMERICA,                :
                                         :
             -v-                          :          10cr318 (DLC)
                                         :
 ADRIAN FOX,                              :          OPINION AND ORDER
                      Defendant.          :
                                         :
---------------------------------------- X
```

APPEARANCES

For the Government:
U.S. Attorney's Office for the Southern District of New York
Michael R. Herman
One St. Andrew's Plaza
New York, New York 10007

For the defendant:
Quinn Emanuel Urquhart & Sullivan, LLP
Alex Spiro
William Weinreb
Manisha Sheth
51 Madison Ave, 22nd Floor
New York, New York 10010

DENISE COTE, District Judge:

    In April 2010, a grand jury indicted Adrian Fox for, <u>inter alia</u>, aiding and abetting the bringing of persons whom he knew to be aliens into the United States at a place other than a designated port of entry, in violation of 8 U.S.C. § 1324(a)(1)(A)(i).  The indictment was unsealed in July 2010.  Fox was never arraigned, and he represents that since the unsealing of the indictment he has been living in the Bahamas.  In May 2014, counsel appeared in this matter on Fox's behalf.

1

The Government represents that between May 2014 and September 2019, defense counsel attempted to negotiate a deferred-prosecution agreement for Fox, but that the Government determined it would not consider such an agreement while Fox remained abroad.

On September 17, 2019, Fox moved to dismiss the indictment against him on the grounds that his constitutional right to a speedy trial had been violated by the nine-year post-indictment delay. On November 5, 2019, the Government submitted a letter in opposition, to which the defendant replied on November 19.

The Court declines to consider the merits of Fox's motion; under the fugitive disentitlement doctrine, judicial resources need not be expended on the motion of a defendant who is unwilling to submit to the Court's jurisdiction. Federal courts "have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities." Degen v. United States, 517 U.S. 820, 823 (1996). Accordingly, a court may deny a motion on the grounds that "the party seeking relief is a fugitive while the matter is pending." Id. at 824; see also Nen Di Wu v. Holder, 646 F.3d 133, 135 n.2 (2d Cir. 2011).

"Fugitive disentitlement is an equitable doctrine that may be applied at court discretion." Nen Di Wu, 646 F.3d at 135

(citation omitted). "[O]nce a court has determined that a party is a fugitive from justice," its application of discretion in determining whether to consider the fugitive's request for relief "should be informed by the reasons for the doctrine and the equities of the case." Id. (citation omitted). The Second Circuit has identified four purposes served by the fugitive disentitlement doctrine:

> 1) assuring the enforceability of any decision that may be rendered against the fugitive; 2) imposing a penalty for flouting the judicial process; 3) discouraging flights from justice and promoting the efficient operation of the courts; and 4) avoiding prejudice to the other side caused by the defendant's escape.

Id. at 135-36 (citation omitted).

As a threshold matter, Fox is a fugitive. "A person can be said to be a fugitive when, while abroad, they learn that they are under indictment and make no effort to return to the United States to face charges." United States v. Blanco, 861 F.2d 773, 779 (2d Cir. 1988); see also United States v. Hayes, 118 F. Supp. 3d 620, 624-26 (S.D.N.Y. 2015) (explaining why "defendants need not affirmatively flee to be labeled fugitives"); cf. 28 U.S.C. § 2466(a) (permitting courts to reject requests for relief in civil forfeiture proceedings by not only a person who "purposely leaves the jurisdiction of the United States" but also one who "declines to enter or reenter the United States to

3

submit to its jurisdiction"). Fox's argument -- that a defendant becomes a fugitive only upon actual flight from the judicial district in which he was indicted -- is unavailing.

The purposes of the fugitive disentitlement doctrine and the equities of the case also indicate that judicial resources would be poorly expended considering the merits of Fox's motion. First, unless Fox appears, he cannot be held to account on the indictment. Thus, while a decision in Fox's favor would grant him relief, a decision that the indictment should not be dismissed would be unenforceable. Fox may not "invoke from a safe distance only so much of [the Court's] jurisdiction as might secure him" dismissal of the indictment "while carefully shielding himself from the possibility of a penal sanction." Collazos v. United States, 368 F.3d 190, 200 (2d Cir. 2004). Second, application of the doctrine would penalize Fox's flouting of the judicial process. He has been aware of the indictment since at least 2014, when counsel appeared on his behalf,[1] but he has chosen to remain beyond the reach of the warrant issued for his arrest. Third, entertaining Fox's motion would encourage similar flights from justice, which interfere with the efficient operation of the courts. Fourth, if the

---

[1] The Government represents that Fox was in fact aware of the charges against him in 2010.

4

defendant continues to remain a fugitive, the Government will be prejudiced by further delay in its ability to prosecute this case.

In the exercise of its discretion, the Court finds that Fox is a fugitive who is disentitled from consideration of his motion to dismiss. Accordingly, the defendant's September 17, 2019 motion to dismiss the indictment is denied without prejudice to renewal in the event he is arraigned in the United States on the indictment.

Dated: New York, New York
January 27, 2020

_____
DENISE COTE
United States District Judge